J-A21042-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PSC ASSOCIATES, LLC, T/A AND GENERAL PARTNER OF PSC ASSOCIATES, LP, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| SIMON PROPERTY GROUP, INC., AND KING OF PRUSSIA ASSOCIATES, | : : : : | |
| Appellees | : | No. 81 EDA 2014 |

Appeal from the Order Entered December 11, 2013,
in the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2013-14729

BEFORE:  BOWES, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 17, 2014**

PSC Associates, LLC, t/a and general partner of PSC Associates, LP (PSC), appeals from an order denying its request for a preliminary injunction.  We affirm.

The trial court aptly summarized the background underlying this matter as follows.

> The King of Prussia Mall Complex is located in Upper Merion Township and presently consists of three separate units: (1) "The Plaza," which has five department stores and an enclosed shopping mall; (2) "The Court," which has two department stores and an enclosed shopping mall; and (3) "The Pavilion," which was formerly a department store and now a multi-tenant lifestyle center.  The Court and The Pavilion are physically connected to one another.
>
> [PSC] is the owner of The Pavilion, located adjacent to Dekalb Pike/Route 202 and Allendale Road.  PSC currently leases

---

* Retired Senior Judge assigned to the Superior Court.

space in The Pavilion to multiple retail stores and restaurants. King of Prussia Associates ("KPA") is owner and operator of The Court and The Plaza. Simon Property Group, Inc. ("Simon"), directly or through affiliated entities[,] owns 96.1% of the partnership interests in KPA.

On April 17, 1980, KPA (as developer), R.H. Macy & Co., Inc. (as the proposed owner of part of the land), and Federated (as the proposed owner of other parts of the land) signed a Construction, Operation, and Reciprocal Easement Agreement ("COREA"). As owner of The Pavilion, PSC is a successor and or/assign of Federated Stores, Inc. under the COREA. Simon, as the 96.1% owner of KPA, is the successor to the original Developer, as that term is defined under the COREA.[1]

[1] In addition, Macy's is the successor to R.H. Macy & Co., Inc. and Bloomingdale's is a successor to Federated Stores, Inc. under the COREA.

The COREA reflects the parties' agreement to develop and operate a unified and integrated shopping center and imposes, *inter alia*, restrictions on what parties can do within the "Developer Site" with and without the consent of each party. The Court and The Pavilion, together with the associated parking and access/egress aisles[,] are located within the boundaries of the Developer Site.

On November 14, 2012, the Upper Merion Township Planning Commission recommended approval of KPA's Amended Land Development Plan in regard to the proposed construction of The Container Store. Then, on December 6, 2012, the Upper Merion Township Board of Supervisors approved KPA's Land Development Plan for The Container Store project. In addition, The Pennsylvania Department of Transportation approved the relocation of a traffic signal eighty (80) feet south on Route 202 as part of this development.

On May 20, 2013, Simon, d/b/a KPA, recorded a Preliminary/Final Amended Land Development Plan for the construction of a new building depicted as "The Container Store" within an area depicted as parking on The Court Development Plan. At the time of the hearings on this matter, The Container Store was being constructed within the Developer Site, as that term is defined in the COREA. Construction of The Container

Store required the relocation eighty (80) feet south along Route 202 of the existing entrance drive.

The parties stipulated that Simon did not seek consent from PSC to (1) construct The Container Store within the Developer Site, (2) alter and relocate the existing entrance drive within the Developer Site, or (3) alter the parking configuration within the Developer Site.

On June 8, 2013, after construction of The Container Store had commenced, [PSC] filed a Complaint and a Motion for a Special and Preliminary Injunction against [Simon and KPA (collectively referred to as Appellees)], alleging that [Appellees] violated the COREA by constructing The Container Store. On July 22, 2013, [the trial court] denied a request for an Interim Special Injunction and Temporary Restraining Order to halt construction of The Container Store. Thereafter, [the court] held eight (8) days of hearings on the Motion for a Preliminary Injunction which sought to demolish The Container Store building in mid-construction. On December [11], 2013, [the trial court entered] an Order denying [PSC's] request for a preliminary injunction. [PSC] now [timely] appeals from [that] determination.[1]

Trial Court Opinion, 3/17/2014, at 1-3 (citation omitted).

In its brief to this Court, PSC asks us to consider the questions that follow.

1. Whether the Lower Court committed an error of law by misapplying the "reasonable likelihood of success on the merits" prong of injunctive relief when denying [PSC's] request for preliminary injunction by requiring PSC to conclusively prove its case on the merits?

2. Whether the Lower Court committed an error of law by not upholding the unambiguous language of the COREA demonstrating that the COREA is still in effect and has not been terminated?

---

[1] PSC failed to include in its brief a "statement of jurisdiction," in violation of Pa.R.A.P. 2111(a)(1) and 2114. This Court, however, does have jurisdiction to review the denial of a request for an injunction. Pa.R.A.P. 311(a)(4).

3. Whether Simon violated the COREA where the clear language of the COREA required Simon to obtain PSC's consent to construction of The Container Store and where it was undsipusted [*sic*] that Simon did not obtain PSC's consent?

4. Whether the Lower Court erred by concluding that the construction of The Container Store did not result in the addition of floor area to the Mall so that consent from PSC was not required to build The Container Store?

5. Whether Simon illegally modified the recorded Court Development Plan without PSC's consent?

6. Whether the Lower Court committed an error of law by concluding that PSC will not suffer irreparable harm as a result of the construction of The Container Store where the testimony demonstrated that Simon acted intentionally in violation of the COREA or at least took a risk that the COREA was violated?

PSC's Brief at 3.

The manner in which we must review the trial court's order is well settled.

> [I]n general, appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion. We have explained that this standard of review is to be applied within the realm of preliminary injunctions as follows:
>
> > [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].
>
> This Court set out the reasons for this highly deferential standard of review almost a hundred years ago:
>
> > It is somewhat embarrassing to an appellate court to discuss the reasons for or against a preliminary decree,

- 4 -

> because generally in such an issue we are not in full possession of the case either as to the law or testimony—hence our almost invariable rule is to simply affirm the decree, or if we reverse it to give only a brief outline of our reasons, reserving further discussion until appeal, should there be one, from final judgment or decree in law or equity.
>
> Thus, in general, appellate inquiry is limited to a determination of whether an examination of the record reveals that "any apparently reasonable grounds" support the trial court's disposition of the preliminary injunction request.
>
> In ruling on a preliminary injunction request, a trial court has "apparently reasonable grounds" for its denial of relief where it properly finds that any one of the following "essential prerequisites" for a preliminary injunction is not satisfied. First, a party seeking a preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages. Second, the party must show that greater injury would result from refusing an injunction than from granting it, and, concomitantly, that issuance of an injunction will not substantially harm other interested parties in the proceedings. Third, the party must show that a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct. Fourth, the party seeking an injunction must show that the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits. Fifth, the party must show that the injunction it seeks is reasonably suited to abate the offending activity. Sixth and finally, the party seeking an injunction must show that a preliminary injunction will not adversely affect the public interest.

*Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828

A.2d 995, 1000-01 (Pa. 2003) (citations and footnote omitted).

> The trial court addressed the first essential prerequisite as follows.
>
> [PSC] did not establish any alleged harm from construction of The Container Store that could not be readily cured with

monetary compensation. [Appellees] offered the expert testimony of Joseph Pasquarella, a licensed real estate appraiser with over forty (40) years of experience in appraising shopping malls. Pasquarella opined that, based upon generally accepted appraisal methodologies, any harm that the construction of The Container Store may cause to The Pavilion can be readily calculated monetarily. This [c]ourt found this testimony credible. Accordingly, if [PSC] is able to establish its case at the time of trial, then money damages would be an adequate remedy and a preliminary injunction would not be appropriate.

Trial Court Opinion, 3/17/2014, at 8-9. The trial court's conclusion is supported by the record. N.T., 11/21/2013, at 16-31.

We observe the following legal principles applicable to the first prerequisite of the preliminary injunction standard.

In general, an injury is regarded as irreparable if it will cause damages which can be estimated only by conjecture and not by any accurate pecuniary standard. An injury is deemed irreparable if it cannot be adequately compensated by an award of damages. For harm to be irreparable, moreover, it must be irreversible.

*Boehm v. University of Pennsylvania School of Veterinary Medicine*, 573 A.2d 575, 586 (Pa. Super. 1990) (citations and quotation marks omitted).

Here, Appellees presented expert testimony from Joseph Pasquarella. Mr. Pasquarella testified that, based upon generally accepted appraisal methodologies, The Pavilion can be appraised in its condition before and after the construction of The Container Store. N.T., 11/21/2013, at 19. When Appellees' counsel asked Mr. Pasquarella whether any alleged harm suffered by The Pavilion can be "monetized" by using generally accepted

- 6 -

methodologies and principles, he answered, "Absolutely. It's done all the time." *Id.* at 25. As we noted above, the trial court credited this testimony.

Thus, an examination of the record reveals that the trial court had an apparently reasonable ground to deny PSC's request for a preliminary injunction insomuch as the court concluded that any harm suffered by PSC due to the construction of The Container Store can be adequately compensated by monetary damages.[2] For these reasons, we hold that the trial court did not abuse its discretion by denying this request.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014

---

[2] Due to this conclusion, we need not address PSC's other arguments or issues.